HENDERSON v. ROBINSON *et al.*

1.  **Tax Sale and Deed:** TAX PAID TO TREASURER BUT MISAPPLIED : REDEMPTION.   Where the county treasurer made and sent to plaintiff what purported to be a list of the lands owned and assessed to plaintiff in the county, but left out the tract in question, and inserted another tract of equal quantity and value belonging to another, and plaintiff remitted the amount required to pay all the taxes as indicated by the treasurer's statement, but the latter failed to apply a proper portion of the money on the omitted tract, and afterwards sold it for taxes, and, pursuant to said sale, a deed was executed, *held* that plaintiff had a right to rely on the treasurer's statement, and upon his applying the money on the land owned by him, and that he was not cut off by the treasurer's mistake from his right to redeem the land.

2.  **Swamp Lands:** DEED BY COUNTY JUDGE : ACKNOWLEDGMENT IN OTHER COUNTY.   A deed of swamp lands made by a county judge is not invalid by reason of the fact that he acknowledged it in another county.

3.  **Statutes:** CONSTITUTIONALITY : RELUCTANCE OF COURTS TO CONSIDER.   This court cannot, upon the expression of doubt or uncertainty by counsel, without the aid of argument, enter into an inquiry as to the constitutionality of a statute.

4.  **Swamp Lands:** DEED : CURATIVE ACT : IDENTITY OF DEED.   The character of the deed of swamp lands involved in this case, the parties, and the property conveyed, are the same as in a deed validated by an act of the general assembly.   *Held* that the deeds must be presumed to be identical, in the absence of a contrary showing.

5.  ——— : DEED BY COMMISSIONER OF COURT : RECITALS OF JURISDICTIONAL FACTS : PRIMA-FACIE EVIDENCE.   A commissioner's deed of swamp lands, made in pursuance of a decree of the district court, recited facts supporting the validity of the decree, and other matters affecting the sufficiency of the conveyance.   *Held* that these recitals were *prima-facie* evidence of the facts recited, and that to establish title in the grantee the deed containing these recitals was properly admitted, and it was not necessary to make formal proof from the records of the facts thus recited.   (*Beal v. Blair*, 33 Iowa, 318, *followed*, and *Costello v. Burke*, 63 Iowa, 361, *distinguished*.)

76    603
o108  603
108   605
76    603
112   727
76    603
141   341

*Appeal from Pocahontas District Court.*—Hon. Lot Thomas, Judge.

Filed, January 22, 1889.

Action to redeem from a tax sale and deed thereon, made to defendants, on the grounds that plaintiff paid to the treasurer of the county the amount of taxes for which the land was sold, and that no notice of the expiration of the time of redemption was given, as required by law. Upon a trial on the merits, plaintiff's petition was dismissed. The title of the land was quieted in defendants, as prayed for in their cross-petition. Plaintiff appeals.

*J. F. Harlan* and *Wright & Farrell*, for appellant.

*McEwen & Garlock* and *William Milchrist*, for appellees.

Beck, J.—I. The plaintiff seeks in this action to establish and enforce his right to redeem certain land from a tax sale upon which a tax deed was issued to the ancestor of the heirs, who are made defendants in the suit, and the intestate of the administrator, who is also a defendant. The plaintiff bases his right to redeem upon the alleged facts that he is the owner of the land, holds the title thereof, and that he paid to the treasurer of the county the taxes due on the land for which it was sold, to be applied to the payment of the taxes. The defendants resist plaintiff's claim of right to redeem on the ground that, as they allege, he fails to show that he holds title to the land entitling him to redeem. They also deny that payment of the taxes was made to the treasurer, so that it would release the land from liability to sale. The land was sold by the county treasurer in 1878 for the delinquent taxes of 1877, and a tax deed was issued in 1882. The lands were assessed to plaintiff for 1877, and for some subsequent years. The county treasurer prepared a list of the lands in the county, therein represented to be owned by and assessed to plaintiff, showing a description of the

lands, the taxes levied and due and some other matters, and forwarded it to plaintiff, who lived in the state of Pennsylvania. The list failed to describe the land in controversy, but in place of it contained another tract of equal quantity and value. The plaintiff remitted to the treasurer the amount called for by the list, which was enough to pay the taxes upon all of his lands, including the tract in controversy. The treasurer paid the taxes upon the land described in the list in the place of the land involved in this suit. The plaintiff relied upon the treasurer for the proper application of the money sent him upon the taxes assessed against plaintiff's land. The land in controversy being assessed to plaintiff, and the land paid on in its place not being assessed to him, the treasurer, in the exercise of proper care, could have made a proper application of the money, and avoided the mistake into which he fell.

II. The plaintiff was authorized to rely upon the treasurer for the correct application of the money sent to him to pay the taxes, and his failure to pay the taxes and to make such application is ground upon which plaintiff may redeem from a tax sale for such delinquent taxes. Tax-payers are authorized to rely upon the county treasurer for the proper application of the money given to them for the payment of taxes, and justice and the law will not permit them to lose their lands through the mistakes of officers of the law, in whom they were authorized to confide, by the misapplication of such money. The principles upon which these conclusions are based are announced and supported in *Corning Town Co. v. Davis*, 44 Iowa, 622.

III. Defendants insist that plaintiff has failed to show that he holds title to the land which will permit

2. SWAMP lands: deed by county judge : acknowledgment in other county.

him, under Code, section 897, to question the defendants' tax title. They insist that plaintiff fails to show title in more than one particular, which we will proceed to notice. The land in controveasy is a part of the swamp lands granted by the United States to the state, and by this state to the county. It was conveyed to Stockdale,

under whom plaintiff claims pursuant to a contract for the sale of the lands made by the county with Stockdale's assignor. It is insisted by defendants that the deed to Stockdale is insufficient, for the reason that the instrument was acknowledged by the individual executing it in a county other than the one of which he was county judge. We know of no reason why the acknowledgment of a deed by the county judge, as well as any other officer, may not be made before any officer of the state authorized to take acknowledgments. These officers, with a few exceptions, are restricted in the exercise of their duty to the county of which they are officers, or in which they reside. But they are not forbidden to take acknowledgments of persons residing in other counties. We know no rule of different effect in its application to the acknowledgments of instruments by officers. We think the act of making the acknowledgment by the officer is not restricted to the county of his residence, or for which he is an officer. We are advised of no grounds upon which we can hold that the rights of citizens would be prejudiced by an officer making an acknowledgment in another county. Nor can we think that it is in conflict with public policy. Counsel for defendants have presented us neither authorities nor arguments in support of their position. But if the acknowledgment be not good, the defect is cured by Code, section 1967.

IV. But counsel insist that the sale and conveyance of the land were void for the reason that they were

3. STATUTES: constitutionality: reluctance of courts to consider. made before the title to the lands were perfected in the state, and were therefore prohibited by a statute of the state. But defects or invalidity in the sale and conveyance of the land, arising upon the ground on which defendants' objections are based, are cured, and the sale of the land is made binding and effectual, by chapter 104, Private Acts, Fourteenth General Assembly. Counsel for defendants express doubts as to the constitutionality of this statute, but do not assail it on that ground by argument and authority. We will not, without invitation

by argument upon the expression of mere doubt, enter upon inquiry as to the constitutionality of a statute. The gravest and most delicate duty a court can be called on to discharge is to inquire as to the validity of an act of the general assembly. A statute will not be declared void for unconstitutionality, unless in a clear case, after the fullest opportunity for consideration of the questions involved. We cannot, upon the expression of doubt or uncertainty by counsel, without the aid of argument, enter into an inquiry as to the constitutionality of a statute.

V. But counsel say that it does not appear that the deed made by the county, under which plaintiff claims, is the deed referred to, and the defects therein cured by the statute last cited. The statute cures defects in a deed of the very kind complained of by counsel, executed by the county to Stockdale for swamp lands. The character of the deed, the parties, and property conveyed, are the same in the deed in this case and the deed validated by the act in question. Surely this raises the presumption that the deed contemplated in the act and the one involved in this case are the same. It makes out at least a *prima-facie* showing to that effect, which is not attempted to be overcome in any manner. It must be regarded as sufficient until overcome by sufficient proof.

*4. SWAMP lands: deed : cura tive act : identity of deed.*

VI. A deed in plaintiff's chain of title was executed by a commissioner to convey lands in pursuance of a decree of the district court of the county. It is urged that it does not appear that the court had authority to render the decree, and other matters upon which the sufficiency of the deed depends were not shown. But facts supporting the validity of the decree, and other matters affecting the sufficiency of the conveyance, are cited in the deed, and are thus established *prima-facie*, under the rule of *Beal v. Blair,* 33 Iowa, 318. In that case the deed was made by a trustee, and it was held that the recitals in the deed are sufficient *prima facie*

*5. ——: deed by commissioner of court: recitals of jurisdictional facts : prima-facie evi- dence.*

evidence of the facts recited, so far as material to the execution of the trust by the trustee ; that is, the recitals would be evidence that the proper notice of sale had been given, and all matters pertaining to the execution of the trust. So in the case at bar. The court was a court of original general jurisdiction. It is to be presumed that it had jurisdiction of the subject-matter, and the recital of the deed surely ought to be sufficient to show that it had jurisdiction of the proper parties. The case of *Costello v. Burke*, 63 Iowa, 361, is different in facts and principle. In that case the deed was made by persons who, it is recited, are heirs of John Bennigton, deceased. This recital is not evidence that John Bennigton is dead, nor that the grantors are his heirs. This is altogether different from recitals of decrees and orders of a court of general jurisdiction. They are presumed to be valid everywhere, and between all persons, until the contrary is shown. Where a pleading is based upon a judgment in the same court it is not necessary, in the first instance, to exhibit and prove the judgment. A mere recital that there is such a judgment is sufficient, and, if not denied, no proof thereof is necessary. We think this is the general practice. Now, when this deed of the commissioner was introduced in evidence, it contained recitals of records in the same court, which made the deed competent evidence. We think there was no more need of making formal proof of the records therein referred to than in case of the recital in pleadings.

No other questions in the case demand consideration. The decree of the district court is reversed, and the cause will be remanded for a decree enforcing plaintiff's right to redeem.

. REVERSED.

ROBINSON, J., having been of counsel in the case, took no part in its determination.