JOE NAKWOSAS, Appellant, *vs.* THE WESTERN PAPER STOCK COMPANY, Appellee.

*Opinion filed October 28, 1913.*

1. CONSTITUTIONAL LAW—*constitutionality of a statute cannot be determined upon pleadings, alone.* The constitutionality of a public law, which affects alike all citizens who may come within its provisions, cannot be determined upon the admissions or stipulation of the parties to a suit, as such a course might lead to the entire abrogation of a statute by agreement. (*Happel* v. *Brethauer,* 70 Ill. 166, followed.)

2. SAME—*whether an act was properly passed cannot be determined upon demurrer, alone.* Where the defendant in an action for damages relies, by special plea, upon a statute as presenting a defense to the suit, and the plaintiff, by replication, sets out the various steps taken by the General Assembly for the purpose of showing that the statute was never constitutionally enacted, the court cannot determine that question solely upon a demurrer to the replication, but should either require proof of each step taken by the General Assembly before passing upon the demurrer, or should strike the demurrer from the files and require the parties to join issue.

APPEAL from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.

CHARLES C. SPENCER, and L. A. KAPSA, for appellant.

FOLLANSBEE & KEYES, for appellee.

Mr. CHIEF JUSTICE COOKE delivered the opinion of the court:

Appellant, Joe Nakwosas, brought an action on the case in the superior court of Cook county against the Western Paper Stock Company, the appellee, to recover damages for personal injuries sustained while working for appellee in its factory at Chicago. To the declaration filed by appellant appellee interposed the general issue and a special plea setting up as a defense to the action that before appellant received the injuries of which he complains, both appellant and appellee had elected to come under' and be governed by the terms and provisions of the act entitled "An act to promote the general welfare of the people of this State, by providing compensation for accidental injuries or death suffered in the course of employment," (Hurd's Stat. 1911, p. 1136,) and that the appellee had posted proper statements of the compensation features of the act, as provided for in its provisions, and had given appellant all the things and sums of money provided for therein, which appellant accepted. For replication to the special plea appellant alleged that the supposed act mentioned in the plea was never passed or enacted by the legislature in the manner prescribed by the constitution of this State, in this: that the bill for said act, and all amendments thereto, were not printed before the vote was taken on the final passage of the bill, and that for this reason the act is null and void. The replication pretends to set out *in hæc verba* all the entries and proceedings concerning the bill shown by the senate and house journals. Appellee demurred to this replication and the demurrer was sustained. Appellant elected to stand by his replication, and the court rendered judgment that appellant take nothing by his suit, and for costs of suit against appellant. This appeal has been prosecuted from that judgment, and the only question raised is whether the act was passed in the manner required by the constitution.

The act in question is a public law and affects alike all citizens who may come within its provisions. The parties to this suit had no such special interest in the act as to permit them to determine its constitutionality by their pleadings, alone. The constitutionality of a law cannot be determined upon the admissions or stipulation of the parties to a suit, as this might lead to the entire abrogation of a statute by agreement. (*Happel* v. *Brethauer,* 70 Ill. 166.) In the case just cited the parties stipulated that the act there involved had not been passed in conformity with the requirements of the constitution, and we there said: "We must take the law as we find it written in the statute. If the constitution has not been complied with in its passage, this fact must be shown either by the printed journals or the certificate of the Secretary of State, the custodian of legislative proceedings. In no other mode can we be properly advised. The mode adopted in this case would be unsafe and ruinous to the stability of the statutes." We perceive no essential difference between the situation in that case and the one here presented. The condition of the pleadings here was such as to amount to a stipulation as to the facts, from which the constitutionality of the act must be determined. The rights and interests of the public are such that private individuals cannot be permitted to thus question the constitutionality of our laws. The court should not have determined the matter upon the demurrer alone. The court should either have required proper proof of each step taken by the legislature in the passage of the act before passing on the demurrer, or it should have stricken the demurrer from the files and required the parties to join issue.

For the error in passing on the questions raised by the replication and the demurrer without proof of the averments of the replication, the judgment of the superior court is reversed and the cause remanded.

*Reversed and remanded.*