FREDERICK D. GIFFORD, Defendant in Error, vs. FRANK H.
CULVER, Plaintiff in Error.

*Opinion filed February 21, 1914.*

1. CONSTITUTIONAL LAW—*the question whether act was prop-
erly passed cannot be determined on pleadings, alone.* The ques-
tion whether a statute was enacted in the manner required by the
constitution cannot be determined upon the pleadings, alone.

2. SAME—*when courts may decline to consider constitutionality
of statute.* The courts may decline to consider the constitutional-
ity of a statute which has long been held to be constitutional, on
the faith of which the community has acted for many years and
under which important and valuable rights have accrued.

WRIT OF ERROR to the Municipal Court of Chicago; the
Hon. OSCAR M. TORRISON, Judge, presiding.

FRANK H. CULVER, *pro se.*

JOHN A. BROWN, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

Defendant in error brought suit in the municipal court
of Chicago against plaintiff in error upon a promissory
note. Plaintiff in error filed a plea denying the legal ex-
istence of the municipal court. A demurrer was filed to
this plea and on a hearing sustained. Plaintiff in error
refused to plead to the merits and judgment was entered
against him. This writ of error was then sued out of this
court on the ground that a constitutional question was in-
volved.

The sole question urged here is, that the facts set up in
the plea of plaintiff in error show that the journals of the
house and senate of the Illinois legislature failed to record
the printing of the bill creating the municipal court of Chi-
cago in conformity with the requirements of the constitu-
tion. Plaintiff in error cannot raise this question on this
record. The question whether a statute was passed in the

manner required by the constitution cannot be determined upon the pleadings, alone. *Nakwosas* v. *Western Paper Stock Co.* 260 Ill. 172.

Counsel, however, contends with such earnestness that the decisions of this court in *Richter* v. *Burdock,* 257 Ill. 410, *Gregory Printing Co.* v. *DeVoney,* 257 id. 399, and *Greenberg* v. *City of Chicago,* 256 id. 213, holding the constitutionality of the Municipal Court act cannot now be questioned, in effect deprive plaintiff in error of his property without due process of law, that we have decided to assume, for the purposes of this argument, that this question is properly raised on the record and will consider the point briefly.

We do not agree with counsel that there is a conflict in the rules of law laid down in the cases just cited and *Neiberger* v. *McCullough,* 253 Ill. 312. During the years that the municipal court of Chicago has been in existence, property rights involving millions of dollars and personal and property rights affecting thousands of persons have been litigated and decided by the municipal court of Chicago under the act the constitutionality of which is here questioned. In *Richter* v. *Burdock, supra,* it was stated that the courts will refuse to consider the constitutionality of a statute which has long been held by the courts constitutional and on the faith of which the community has acted for a series of years and important rights have accrued thereunder. This rule is supported not only by sound public policy but by the weight of authority in all jurisdictions. In addition to the authorities cited in that case, see, as involving the same principle, *Harmon* v. *Auditor of Public Accounts,* 123 Ill. 122; *Green Co.* v. *Conness,* 109 U. S. 104; *Gelpcke* v. *Dubuque,* 1 Wall. 175; *Allen* v. *Allen,* 16 L. R. A. (Cal.) 646, and note.

The judgment of the municipal court will be affirmed.

*Judgment affirmed.*