## W. F. Hallam & Company, Appellant, v. Harry A. Massey et al., Appellees.

### Gen. No. 22,415.

1. MUNICIPAL COURT OF CHICAGO, § 19*—*what is not a valid judgment order of.* An abbreviated minute of the clerk of the Municipal Court of Chicago, "Fndg iss vs dft das twenty-two hundred and thirty-eight and 88/100 dollars ($2238.88) Judg on fndg vs dft twenty-two hundred and thirty-eight and 88/100 dollars ($2238.88) & C.," is not a valid judgment order.

2. MUNICIPAL COURT OF CHICAGO, § 19*—*when judgment order in abbreviated form is sufficient.* Under the Municipal Court Act, sec. 62 (J. & A. ¶ 3379), providing that the chief justice shall prescribe abbreviated forms for the entry of orders, which shall be given the same effect as if entered in full, a judgment order in abbreviated form reciting in unequivocal language, in accordance with such forms, that a finding of the issues has been made against the defendant, stating the amount of the damages assessed and that judgment is entered on the finding against the defendant for that amount and costs, is sufficient.

3. MUNICIPAL COURT OF CHICAGO, § 19*—*what is sufficient certified copy of record of judgment order of.* Under the Municipal Court Act, sec. 62 (J. & A. ¶ 3379), providing that if any certified transcript of the record, or any portion thereof, of any suit or proceeding in said court is required, the same shall be written out in full from such abbreviated forms and duly authenticated according to law, a certified copy of the record of a judgment order, as amplified from its abbreviated form, is sufficient.

4. MUNICIPAL COURT OF CHICAGO, § 19*—*when error of clerk in preparing transcript of judgment from half-sheet is immaterial.* The fact that the clerk of the Municipal Court of Chicago, in preparing a transcript of a judgment, looked at the half-sheet containing his minute of the judgment order and not at the judgment order is immaterial where the certified extended record is a full statement of the final record of the judgment.

5. MUNICIPAL COURT OF CHICAGO, § 2*—*refusal to consider constitutionality of act.* The constitutionality of the Municipal Court Act (J. & A. ¶ 3313 et seq.) will not be considered, since during the years the court has been in existence, property rights involving a large amount of money and personal and property rights affecting

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

a large number of persons have been litigated and decided under the act.

6. MUNICIPAL COURT OF CHICAGO, § 23*—*what constitutes raising of question of constitutionality of act.* The question of the constitutionality of the Municipal Court Act (J. & A. ¶ 3313 *et seq.*) is raised where the contention is made that the provisions of the constitution were not in fact complied with in enacting the act and consequently such question will not be considered.

Appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed October 10, 1917.

JOHN W. CREEKMUR and DONALD J. DEWOLFE, for appellant.

GEORGE F. BORMAN, for appellee Harry A. Massey.

MR. PRESIDING JUSTICE GOODWIN delivered the opinion of the court.

The appellant seeks to reverse a decree of the Superior Court dismissing its bill for want of equity. The bill sought to restrain the enforcement in another State of a judgment of the Municipal Court of Chicago entered against it at the suit of one Massey, who was made a party defendant to the bill. The clerk of the Municipal Court was joined as a party defendant. The bill alleged, in substance, that a notation was made upon the records of the clerk of the Municipal Court as follows:

"Fndg iss vs dft das twenty-two hundred and thirty-eight and 88/100 dollars ($2238.88) Judg on fndg vs dft twenty-two hundred and thirty-eight and 88/100 dollars ($2238.88) & C."

This entry was made December 2, 1913, and on February 20, 1914, a clerk wrote out the following entry:

"Finding the issue versus defendant, damages Twenty-two Hundred and Thirty-eight and 88/100

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Dollars ($2238.88); judgment on finding versus defendant, twenty-two hundred and thirty-eight and 88/100 dollars ($2238.88) and costs.''

When Massey applied for a certified copy of the judgment, a formal document was prepared, in which the proceedings of the Municipal Court and order of judgment were formally and fully set out. The recitation with reference to the judgment was as follows:

''This cause coming on for further proceedings herein, it is considered by the Court that the plaintiff have judgment on the finding herein, and that the plaintiff have and recover of and from the defendant the damages of the plaintiff amounting to the sum of TWENTY-TWO HUNDRED AND THIRTY-EIGHT DOLLARS AND EIGHTY-EIGHT CENTS ($2238.88) in form as aforesaid assessed, together with the costs by the plaintiff herein expended, and that execution issue therefor.''

The certificate of the clerk attached to this document declared ''the foregoing to be a true extended record of a certain judgment order made and entered of record in said court,'' etc. In its abstract of record, counsel for appellant erroneously state that this certificate recited that the document ''was a complete and perfect copy of an original on file in said clerk's office.'' There was, in fact, no judgment entered in the formal language of the certified judgment order just quoted from, and the reason for this will appear later.

While we agree with counsel for appellant that the abbreviated minute beginning ''fndg iss vs dft'' cannot under the rulings of the Supreme Court be considered a valid judgment order, it clearly appears from the record that it was not intended to be anything more than the minute of the clerk, entered upon what is known as the half-sheet for his guidance in writing up the record.

Counsel further contend that the judgment order written up February 20, 1914, does not constitute a valid record of a judgment. It appears, however, that

section 62 of the Municipal Court Act (J. & A. ¶ 3379) provides that the chief justice shall prescribe abbreviated forms for the entry of orders, which are given the same effect as if entered in full, and that the order in question is in accordance with the forms so prescribed. The judgment order in question recites in unequivocal language that a finding of the issues has been made against the defendant, states the amount of the damages assessed, and that judgment is entered on the finding against the defendant for that amount and costs. The order is in the English language, and its meaning is plain and unmistakable. We see no reason why judgment entries should not be put in this sensible and business-like form. But it is contended that the judgment order set out in amplified form and sought to be enforced in another State is not a copy of this or any other judgment of the Municipal Court, as no such order appears in the records. Section 62 of the Municipal Court Act (J. & A. ¶ 3379), however, provides that: "When any certified transcript of the record, or any portion thereof, of any suit or proceeding in said court is required, the same shall be written out in full from such abbreviated forms and duly authenticated according to law." We see no legal objection to this simple provision of the statute which permits the court to make an economical and satisfactory record of its proceedings, and at the same time enables it to furnish for use in other jurisdictions, where it is necessary, transcripts in which the facts stated in the abbreviated record are recited in the usual and amplified form. Counsel, however, lay great stress on their contention that the clerk, in preparing the transcript of the judgment, looked at the halfsheet containing the minute of the clerk, and not at the judgment order. We think this is entirely immaterial; the only question is as to whether the certified extended record is, in fact, a full statement of the final

record of·the judgment, and upon comparing the two, we see that it clearly is.

Counsel further contend that the enforcement of the judgment should be enjoined because the Municipal Court has no legal existence, and in support of this contention refers to certain evidence in regard to the manner in which the Municipal Court Act was passed. In passing upon a contention that this act was unconstitutional, our Supreme Court said, in *Gifford v. Culver,* 261 Ill. 530, at p. 531:

"During the years that the Municipal Court of Chicago has been in existence, property rights involving millions of dollars and personal and property rights affecting thousands of persons have been litigated and decided by the Municipal Court of Chicago under the act the constitutionality of which is here questioned. In *Richter v. Burdock, supra,* [257 Ill. 410], it was stated that the courts will refuse to consider the constitutionality of a statute which has long been held by the courts constitutional and on the faith of which the community has acted for a series of years and important rights have accrued thereunder. This rule is supported not only by sound public policy but by the weight of authority in all jurisdictions. In addition to the authorities cited in that case, see, as involving the same principle, *Harmon v. Auditor of Public Accounts,* 123 Ill. 122; *Green County v. Conness,* 109 U. S. 104; *Gelpcke v. Dubuque,* 1 Wall. 175; *Allen v. Allen,* 16 L. R. A. (Cal.) 646, and note."

But counsel contend that the question raised here is not as to the constitutionality of the Municipal Court Act, but as to whether the provisions of the Constitution were, in fact, complied with. Admittedly, however, the Legislature did pass the act, and the point insisted upon by counsel is that, in view of the facts, the act of the Legislature was invalid because it was not done in compliance with certain constitutional provisions. There is no escape from the conclusion that the point raised is in regard to the constitutionality of

the Legislature's action, and under the ruling of the Supreme Court already referred to, we are precluded from considering it. From the record it appears that there is a valid judgment of the Municipal Court against the appellant in a cause in which that court had jurisdiction of the parties and the subject-matter, and that the clerk of that court has furnished the plaintiff in the case with an extended transcript of the judgment, prepared in accordance with the statute. In view of these facts, we see no error in the action of the chancellor in dismissing appellant's bill. The decree of the Superior Court is affirmed.

*Affirmed.*