IOWA MOTOR VEHICLE ASSOCIATION et al., Appellants, v. BOARD OF RAILROAD COMMISSIONERS et al., Appellees.

**INJUNCTION:**   Preliminary   Injunction—Dissolution—Balance-of-Convenience Rule.   A temporary order restraining the board of railroad commissioners from collecting a tax, pending the determination of the constitutionality of the statute under which the commissioners are acting, should not be dissolved, in the absence of a showing by the commissioners that the bond exacted by the court as a condition of the issuance and continuance of the restraining order will not *adequately protect* the state.   (See Book of Anno., Vol. 1, Sec. 12515, Anno. 16 *et seq.*)

**CONSTITUTIONAL LAW:**   Construction—Necessity for Determination.   The court will not, on an order dissolving a temporary injunction pending the trial of the main action, pass upon the constitutionality of the statute under attack.

Headnote 1:   32 C. J. pp. 393, 395.   Headnote 2:   32 C. J. p. 426.

*Appeal from Polk District Court.*—LESTER L. THOMPSON, Judge.

JUNE 21, 1926.

This is an appeal by the plaintiffs from an order by the district court of Polk County, dissolving, upon motion of the defendants, a temporary restraining order previously issued in behalf of plaintiffs which temporarily restrained the defendants from enforcing certain statutory provisions pertaining to the collection of certain fees or taxes charged against the plaintiffs, as motor carriers.—*Reversed.*

*Senneff, Bliss & Witwer,* for appellants.

*Ben J. Gibson,* Attorney-general, and *Maxwell O'Brien,* Assistant Attorney-general, for appellees.

EVANS, J.—I.   On July 15, 1925, the plaintiffs filed in the

district court of Polk County their petition in equity, averring that each of the plaintiffs was a bus or truck operator within the state of Iowa, and had a common interest in the relief prayed. The relief prayed was that the defendants, as members of the board of railroad commissioners of Iowa, be restrained and enjoined from enforcing certain statutory provisions enacted by the forty-first general assembly, on the ground that such statutory provisions were, and are, unconstitutional and void. The statutory provisions thus assailed are comprised in and by Chapter 4 of the Laws of the Forty-first General Assembly. The ground of attack upon the constitutionality of the provisions of this chapter is that they are discriminatory in their operation as against the plaintiffs, and that the purported classification attempted thereby is arbitrary and unreasonable. It is averred that certain taxes had been entered respectively against each of the plaintiffs as an alleged motor carrier, and that the defendants were threatening to enforce the statutory provisions by the collection from each plaintiff of the taxes thus charged against him. At the time of the filing of the petition, it was presented to one of the judges of the Polk County district court, with an application for a temporary restraining order against the defendants. Such restraining order was then and there issued by such judge against the defendants, and without notice to them. Thereafter, the defendants appeared with a motion to dissolve and vacate such restraining order, on the ground that it was issued without notice and improvidently, and upon the ground that there was no merit in the plaintiffs' petition. This motion was submitted on July 27th to one of the judges of said court, and was sustained on August 3d, whereby the restraining order previously issued, was dissolved. From this order, and from this alone, the plaintiffs have appealed. The original restraining order imposed, as a condition upon the plaintiffs, that they execute a bond for $5,000, and for the further sum of $5,000 for each and every succeeding month during the time such restraining order should continue in force. It was not made to appear that this order, so continued, would not fairly safeguard the rights of the defendants, pending the litigation. This being so, the motion to vacate should have been overruled.

1. INJUNCTION: preliminary injunction: dissolution: balance-of-convenience rule.

II. The foregoing presents the only question properly be-

fore us on this appeal. The parties, however, have mutually ignored the nature and scope of the appeal, and have voluntarily argued the constitutional question raised, and have treated such question as decisive of this appeal. We see no way whereby we can properly and effectively accept this mutual attitude of the parties', and pass herein upon the constitutionality of the sections under attack in the main action. In every legal sense, the main action is pending in the district court, and is awaiting hearing on the merits there. The only question heard in the district court was the preliminary one, as to whether a temporary injunction or restraining order should be continued in force, pending the litigation. At the time of such hearing, the main case was not at issue on the merits. No answer had been filed, nor was any answer yet due. The order made by the district court on such hearing, and the only order which it could make, was, and would be, purely tentative and provisional. Though, in the making of such order, the trial judge might forecast his opinion as to the ultimate merits of the main case, he could not adjudicate the same to any extent. If he had expressly found, in the order entered by him, that the statute under attack was either constitutional or unconstitutional (which he did not), such finding would not adjudicate the question nor have any binding effect upon the final trial of the main action on the merits. If the judge who made the order complained of had no present power to then adjudicate the merits of the main action, no more have we power to do so, upon a mere appeal from the provisional order of the district judge. The main action is not before us. It remains to be tried in the district court. There would be no more propriety in our prejudging its merits than there would have been in like action on the part of the district judge from whose order the appeal is taken. If the parties desired a speedy hearing, it was their privilege to have so submitted their main case in the district court. They cannot continue their main action in the district court and yet litigate it here in advance of a trial there.

2. CONSTITUTIONAL LAW: construction: necessity for determination.

The record before us presents an illustration of the incongruous situation presented. The appellants predicate their contention of the unconstitutionality of the statute upon the allegations of their petition. They insist that these allegations must

be deemed true because they have not been denied. Their argument puts special emphasis upon the following allegations of the petition:

"There were engaged within the state of Iowa corporations, persons, and firms who were engaged in the transportation for hire of both passengers and freight which were transported by automobile trucks, motor busses, and not operated upon fixed rails or tracks, but who used the highways, but who did not have fixed termini, or operate over any regular route, but who used the highways in the conduct of their business, differing only in the conduct of the business from the business of these plaintiffs in that they did not operate between fixed termini or over a regular route; and that, since the passage of Chapter 4 of the Forty-first General Assembly, and its adoption and publication, many corporations, individuals, and firms have been engaged, and are now engaged, in carrying passengers and freight for hire on the public highways in the manner in this paragraph set forth; and these plaintiffs aver that such corporations, persons, and copartnerships have not been assessed with taxes, as provided by Section 3 of Chapter 4 of the Laws of the Forty-first General Assembly; and these plaintiffs aver that said Chapter 4 of the Laws of the Forty-first General Assembly was not intended to thus tax such persons, firms, and corporations; *and that these plaintiffs aver that the use of the highways by such firms, persons, and corporations is as extensive as is the use of the highways by these plaintiffs.*"

It is strenuously argued that the court may *not* (as courts often *do*) assume that the legislature had knowledge of facts which would justify the classification, if such assumption contravenes the allegations of the petition. If, therefore, we concede the argument, and adopt the allegations of the petition, and predicate a finding of unconstitutionality thereon, there will yet remain no legal reason why the defendants may not controvert such allegations in a trial of the main action in the district court. The significance of this illustration is emphasized by the fact that the arguments of the respective parties do not construe the allegations alike. The argument for appellees construes them as having reference solely to the mere miscellaneous use of the highway by the public for legitimate purposes, without any conscious or organized effort to create or assemble or concentrate

traffic for hire upon particular localities or sections of the highway. The argument for appellants does not so construe the allegations. Common prudence might suggest to the defendants in the main action in the district court to set construction at rest and to require a more specific averment, or else to traverse the allegations, and let the evidence disclose the real nature of the traffic to which reference is had. This is a sufficient indication of the inadvisability, if not the impropriety, of any present attempt on our part to prejudge the question of constitutionality, upon this appeal from a merely provisional order.

Authorities on this question are collated in 12 Corpus Juris 783 (sub Constitutional Law), Section 213. The cited authorities support the text, as follows:

"The constitutionality of a statute will not be determined on the question being raised in a collateral proceeding, or on preliminary motions, or interlocutory order, such as motions to strike out part of a complaint as irrelevant, or a proceeding to determine the right to costs in a case, or a motion in arrest of judgment, or applications for provisional remedies, or an application for a preliminary injunction. And the courts will be especially reluctant to consider constitutional questions where summary action is demanded and there is no opportunity for research and mature consideration. It has even been held that the constitutionality of a statute under which the petitioner was indicted would not be determined on an application for a writ of habeas corpus * * *."

In *Lothrop v. Stedman*, 42 Conn. 583, the court said:

"It should be a very clear case to justify a court in deciding that an act of the legislature is invalid, upon a motion for a provisional injunction, a proceeding which addresses itself particularly to judicial discretion."

We may properly suggest further that the discrimination charged in this case is predicated upon facts *aliunde*. The *facts* themselves are not stated, except by way of mere conclusion or summing up. We should hesitate at any time to sustain such a charge of discrimination or false classification, without having before us the *facts*, either by pleading or evidence. If the *facts* were before us, we might disagree with the conclusion of the pleader. The petition charges broadly that other persons and firms were engaged in like business of transportation for hire,

"differing only" from the business of the plaintiffs in that they had no fixed termini or route. This is a mere summing up of purported *facts,* without disclosure of the specific *facts* which were necessarily in the mind of the pleader.

In the reply brief of appellants, instances of *fact* are stated, by way of argument and illustration, and somewhat by way of reply to the construction put upon the petition by the brief of the defendants. If argument in support of the pleading needs the stated *facts* as an aid thereto, it is highly suggestive that they should have been incorporated in the pleading itself. To reserve them as a "last word" in argument, after the door has been closed to the defendants, is to ignore the essential requirements of proper pleading, and cannot be helpful to the court.

It is the general rule that, where the alleged unconstitutionality of an act is predicated upon *facts,* of which the court cannot take judicial notice without proof, then the court will not be bound by mere allegations of a pleading, though undenied; nor is it bound to accept even the admissions of opposing counsel, though it may, in its discretion, accept the same. Nor will the court recognize a stipulation of the parties which purports to waive all other questions and to require decision upon the question of constitutionality alone. We so held in *Dubuque & Dakota R. Co. v. Diehl,* 64 Iowa 635, wherein we said (page 640):

"We will not decide a constitutional question unless it be necessarily involved in a case which cannot be disposed of without the decision of such question. If the record shows other questions which are decisive of the case, they alone will be considered. Courts are slow in approaching, and hesitate to decide, constitutional questions. If it appears that the rights of the parties are determined by rules of law plainly applicable to the facts disclosed by the record, the courts will not permit them unnecessarily to call in question the validity or effect of a statute. Parties, by waiving other questions, cannot form an agreed case upon which the courts will decide constitutional questions."

It has also been held by some courts that, where the constitutionality of a statute depends upon matters of fact, of which judicial notice cannot be taken, the question of constitutionality will not be considered or determined upon a demurrer. *Gifford v. Culver,* 261 Ill. 530 (104 N. E. 147); *State v. Manley,* 34 S. D. 634 (150 N. W. 291); *Grenada Lbr. Co. v. State,* 98 Miss. 536;

*Nakwosas v. Western Paper Stock Co.,* 260 Ill. 172.  In the last cited case the court said:

"The parties to this suit had no such special interest in the act as to permit them to determine its constitutionality by their pleadings alone.  The constitutionality of a law cannot be determined upon the admissions or stipulation of the parties to a suit, as this might lead to the entire abrogation of a statute by agreement. * * * The rights and interests of the public are such that private individuals cannot be permitted to thus question the constitutionality of our laws.  The court should not have determined the matter upon the demurrer alone.  The court should either have required proper proof of each step taken by the legislature in the passage of the act, before passing on the demurrer, or it should have stricken the demurrer from the files, and required the parties to join issue."

In *Chicago & G. T. R. Co. v. Wellman,* 143 U. S. 339, the court said:

"Our suggestion is only to indicate how easily courts may be misled into doing grievous wrong to the public, and how careful they should be to not declare legislative acts unconstitutional upon agreed and general statements, and without the fullest disclosure of all material facts."

The order appealed from will be reversed, for the sole reason indicated in Division 1 hereof.  This will be without prejudice to the discretion of the district court to impose appropriate conditions and to require appropriate security pending the litigation.—*Reversed.*

All the justices concur.