MONTGOMERY WARD & COMPANY, Appellee, v. LOUIS E. RODDEWIG et al., Appellants.

No. 44963.

MAY 14, 1940.

FEBRUARY 17, 1941.

Stuart Ball, H. W. Bancroft, and Parrish, Guthrie, Colflesh & O'Brien (J. L. Parrish, Jr., Maxwell A. O'Brien), for appellee.

Fred D. Everett, Attorney General, and John E. Mulroney, Assistant Attorney General, for appellants.

MILLER, J.—Some of the questions presented in this case are identical with those presented for our determination in the case of Sears Roebuck & Co. v. Roddewig, 228 Iowa 1273,

292 N. W. 130. The decree appealed from ordered the same type of an injunction as was involved in that case. For the reasons there stated, the decree must be affirmed in all particulars where the two cases are identical.

One question is presented by the record herein which was not presented in the Sears, Roebuck & Company case. That question is whether the plaintiff can be required to collect the use tax on sales made in retail stores located near, but outside, the boundaries of the state of Iowa, some of which are located at Austin, Minnesota, Maryville, Missouri, Nebraska City, Nebraska, Sioux Falls, South Dakota, and Moline, Illinois, where the purchaser is a resident of Iowa and purchases the property for use in this state. The court enjoined the defendants from undertaking to require plaintiff to collect a use tax on such sales. The position there taken by us in the Sears, Roebuck & Company case demonstrates that the action of the court was right.

Accordingly, the decree appealed from, in all of its particulars, must be and it is affirmed.—Affirmed.

SAGER, HALE, BLISS, and OLIVER, JJ., concur.

HAMILTON, C. J., and MITCHELL, RICHARDS, and STIGER, JJ., dissent.

HAMILTON, C. J. (dissenting)—Being unable to agree with the majority opinion in so far as it pertains to mail-order business, I respectfully dissent. My views are expressed in my dissenting opinion filed in the companion case, Sears Roebuck & Co. v. Roddewig, 228 Iowa 1273, 292 N. W. 130.

There is, however, still another type of business carried on by appellee herein which was not involved or presented by the record in the Sears, Roebuck & Company case, and which is of little consequence, yet, under the issues, requires consideration and determination, namely, business or sales made direct to Iowa customers by appellee in its stores located near, but outside, the boundaries of the state of Iowa, some of which are located at Austin, Minnesota, Maryville, Missouri, Nebraska City, Ne-

braska, Sioux Falls, South Dakota, and Moline, Illinois. The quantity of business transacted by appellee with Iowa customers at these various stores is not found in the record, but, of course, is inconsequential as compared with "mail-order business". Some of these sales are made direct and are over-the-counter transactions and, as to such sales, the appellee has no feasible way of knowing or ascertaining where the customer lives or where he is going to make use of the merchandise purchased. A person living in Iowa might purchase articles for use in Iowa from the stores located out of the state named above or at some of appellee's stores located in any state in the Union; the user in Iowa would, of course, be liable for the tax, but to require the appellee to know or ascertain, and segregate from its millions of customers which ones were from Iowa and require appellee to collect and remit the tax on such sales is to impose upon appellee an almost impossible task and imposes upon the seller a burden so unreasonable, arbitrary, and capricious as to invade its constitutional rights under the due process clause of the federal constitution and, therefore, requires the court to hold that, as to such sales, the regulatory requirements of the Use Tax Act, requiring the seller to collect the tax, is invalid and, hence, not enforceable against appellee, and, in this respect and as to such sales, the restraining order of the trial court should be upheld, but, in all other respects, the decree of the trial court should, we think, be reversed.

STIGER and RICHARDS, JJ., join in this dissent.