## NELSON, CHAIRMAN OF THE STATE TAX COMMISSION, ET AL. v. MONTGOMERY WARD & CO., INC.

No. 256.   Argued January 13, 14, 1941.—Decided February 17, 1941.

*Mr. John E. Mulroney,* Assistant Attorney General of Iowa, with whom *Mr. John M. Rankin,* Attorney General, was on the brief, for petitioners.

*Mr. Stuart S. Ball,* with whom *Messrs. John A. Barr, Maxwell A. O'Brien,* and *Harold W. Bancroft* were on the brief, for respondent.

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

The issue in this case is identical with that in *Nelson* v. *Sears, Roebuck & Co., ante,* p. 359.   Respondent is an Illinois corporation authorized to do business in Iowa.

Respondent operates retail stores and mail order houses throughout the United States. It has 29 retail stores[1] and several order offices in Iowa. It collects the Iowa tax on sales made at the retail stores and on sales handled by those order offices. But it has refused to collect the tax[2] on orders sent directly from Iowa customers to its out of state mail order houses and filled by direct shipments through the mails or a common carrier to the purchasers in Iowa. Respondent, in seeking an affirmance of the judgment of the Iowa Supreme Court[3] (228 Ia. 1301; 292· N. W. 142) which held that the Iowa Use

[1] The investment in these stores is over $900,000. The approximate sales by these stores in 1937 was $7,716,000.

[2] In the catalogues sent into Iowa there was the following notice:
"To our Iowa Customers:
We believe that certain of the provisions of the Iowa Use Tax law as applied to our business, are unconstitutional. Therefore we are not collecting or reporting the Use Tax on mail orders sent by Iowa customers direct to any of our mail order houses.
Until you hear from us to the contrary, mail in your orders just as you have in the past.
MONTGOMERY WARD & CO."
It was testified that the purpose of this notice was not to intimate to Iowa purchasers that by mailing their orders to mail order houses outside the state they could secure a two per cent differential over purchases made in the state.

[3] One question, not raised by the petition for certiorari, related to the duty of respondent to collect the use tax on sales made in retail stores located near, but outside, the boundaries of Iowa, where the purchaser was a resident of Iowa and purchased the property for use in Iowa. The Supreme Court of Iowa, one judge dissenting, held that the Use Tax Act as applied to these transactions was unconstitutional. Chief Justice Hamilton, who dissented from the judgment as respects the mail orders, concurred insofar as sales from the out of state retail stores were concerned, saying that respondent "has no feasible way of knowing or ascertaining where the customer lives or where he is going to make use of the merchandise purchased" and that to impose the burden of tax collection on it would be to give it "an almost impossible task."

Tax as applied to these mail orders is unconstitutional,[4] makes substantially the same arguments [5] as were advanced in *Nelson* v. *Sears, Roebuck & Co., supra.* Distribution of catalogues in Iowa apparently involves no act of respondent or its agents within the state. There was testimony that no employee of the mail order houses lives in Iowa; that there are no acts of respondent in Iowa in regard to any of the orders sent to the out of state mail order houses; and that respondent has no machinery for collecting sums due from Iowa customers by individuals within the state, it not being the practice of respondent to refer its delinquent mail order accounts to its retail stores in Iowa for collection. Those facts are immaterial. Some of respondent's employees are in Iowa representing it in the course of business which it is conducting pursuant to its permit to do business in that state. The fact that other of its employees who work in the mail order houses and handle the mail orders here involved are not in Iowa is wholly irrelevant. It does not permit respondent to escape the burden which Iowa has exacted as a price of enjoying the full benefits flowing from its aggregate Iowa business. *Nelson* v. *Sears, Roebuck & Co., supra.*

[4] Respondent's bill also contained allegations that the Use Tax as applied contravened certain provisions of the Iowa constitution. Those issues, however, were not passed on by the Iowa Supreme Court.

[5] Its experience with the Illinois sales tax shows that only 75% of the Illinois customers remit the tax with their orders. Due bills are sent (except for deficiencies less than two cents) and 58% are not collected. Based on this experience respondent estimates that out of $10,000 of use taxes on mail orders from Iowa customers, it would be able to collect $8,550. If no notices were included in the catalogues sent into Iowa, then based on its Illinois experience respondent estimates that only 42% of the due bills would be collected. In addition to these deficits respondent asserts that it would incur a direct cost ranging from $890 to $1,040 for every $10,000 of tax liability.

There is a further fact in this record which makes a reversal of this judgment necessary. It was stipulated that "advertisements have been caused to be printed by the retail stores of the petitioner (Montgomery Ward and Co.) in the State of Iowa, advertising not only retail merchandise, but the ability to complete service through the use of the catalog." This stipulation clearly means that respondent has solicited mail order sales in Iowa. The fact that that solicitation was done through local advertisements rather than directly by local agents as in *Felt & Tarrant Mfg. Co.* v. *Gallagher,* 306 U. S. 62, is immaterial. Nor is it material that the orders were filled by direct shipments from points outside the state to purchasers within the state. For that method of delivery also obtained in case of some of the orders involved in *Felt & Tarrant Mfg. Co.* v. *Gallagher, supra.*

The effect of admitted facts is a question of law. *Swift & Co* v. *Hocking Valley Ry. Co.,* 243 U. S. 281; *Estate of Sanford* v. *Commissioner,* 308 U. S. 39, 51.

*Reversed.*

MR. JUSTICE STONE took no part in the consideration or disposition of this case.

The CHIEF JUSTICE and MR. JUSTICE ROBERTS dissent for the reasons stated in the dissenting opinion in *Nelson* v. *Sears, Roebuck & Co.; ante,* p. 366.