MONTGOMERY WARD & COMPANY, INCORPORATED, Appellee, v. FRED W. NELSON et al., Appellants.

No. 44963.

AUGUST 4, 1941.

Parrish, Guthrie, Colflesh & O'Brien (J. L. Parrish, Jr., Maxwell A. O'Brien), Stuart Ball, and H. W. Bancroft, for appellee.

John M. Rankin, Attorney General, and John E. Mulroney, Assistant Attorney General, for appellants.

OLIVER, J.—The motion filed herein is in the main similar to that filed in Sears, Roebuck & Company v. Nelson, 230 Iowa 936, 299 N. W. 398, this day decided. In this case, as in that, the decree of the district court was affirmed by this court. Montgomery Ward & Company v. Roddewig, 228 Iowa 1301, 292 N. W. 142. On review by certiorari, the Supreme Court of the United States reversed the decision. Nelson v. Montgomery Ward & Company, 312 U. S. 373, 61 S. Ct. 593, 85 L. Ed. 529.

One difference in the two situations is that in this case appellee pleaded the unconstitutionality of the act under both the state and federal constitutions. However, the decision of the trial court was based solely upon federal constitutional questions and the other contentions were either not argued or were not considered by the trial court. In the appeal to this court appellee had the burden of proof and filed the opening briefs. But upon appeal it was not contended that the decree of the trial court was sustainable because the act violated the state constitution. Appellee did not see fit to present such issue in this court. Nor was it referred to in the brief of appellants. It is true this court will ordinarily consider any proposition appearing in the record which will sustain the ruling of the trial court whether or not such proposition is presented in the briefs. However, an appellee who, in this court, abandons a constitutional question raised in the pleadings may not complain of the failure of this court to consider such question. "A statute will not be declared void for unconstitutionality, unless in a clear case, after the fullest opportunity for consideration of the questions involved." Henderson v. Robinson, 76 Iowa 603, 607, 41 N. W. 371, 373; Iowa Motor Vehicle Association v. Board, 202 Iowa 85, 209 N. W. 511. Under the circumstances

944

we conclude appellee, having abandoned this issue, is in no better position to secure its consideration upon remand than had the issue not been pleaded.

It is also suggested by appellee that the Supreme Court of the United States misinterpreted a certain stipulation of the parties. Without conceding the correctness of this conclusion, we will say the decision does not turn upon the stipulation, which appears to have been considered merely as an additional and separate ground for the decision. In any event it is not the province of this court, nor of the district court, to pass upon or attempt to correct alleged errors of the Supreme Court of the United States.

Our ruling upon the motion in the Sears, Roebuck & Company case is applicable to the motion in this case, with this exception, however. Both the majority and dissenting opinions of this court upon the submission of this case refer to the question of whether plaintiff company can be required to collect and remit the use tax on retail sales made in its retail stores located near, but outside, the boundaries of this state, to residents of Iowa for use in this state. While it is true that the reversal of this case by the Supreme Court of the United States was not limited in scope, nevertheless both upon the original submission of the appeal to this court and upon the submission of the motion now under consideration, the attorney general conceded that the order of the tax commission which led to this suit does not apply to the sales above referred to from border stores and that the commission is not entitled to collect from plaintiff company a use tax on such sales.

Appellee's motion is overruled and, in conformity with the mandate of the Supreme Court of the United States, the decree is reversed and this cause is remanded to the district court with instructions to enter decree accordingly. The decree, however, by reason of the concession above referred to, shall provide that appellants are not entitled to require appellee to collect and remit a use tax on the above-mentioned sales from border stores. —Motion overruled.

All JUSTICES concur.