**RISS & CO., Inc. v. UNITED STATES et al.**

No. 6344.

United States District Court
W. D. Missouri, W. D.

Oct. 17, 1950.

Judgment Reversed April 16, 1951.

See 71 S.Ct. 620.

John B. Gage, and John H. Kreamer, of Gage, Hillix & Phelps, Kansas City, Missouri, and A. Alvis Layne, Jr., of Posner, Berge, Fox & Arent, of Washington, D. C., for plaintiff.

Rodolfo A. Correa, Jr., Sp. Asst. to the Atty. Gen., and Sam M. Wear, U. S. Atty., Kansas City, Mo., for United States.

H. L. Underwood, Asst. Chief Counsel, Washington, D. C., for Interstate Commerce Commission.

PER CURIAM.

Before WOODROUGH, Circuit Judge and DUNCAN and RIDGE, District Judges.

### Findings of Fact

Plaintiff, a common carrier of general commodities by motor vehicle, subject to the regulatory provisions of Part II of the Interstate Commerce Act, Title 49 U.S.C. A. § 301, etc., filed an application with the Interstate Commerce Commission, on August 22, 1947, for a certificate of public convenience and necessity to extend its operations as a common carrier over certain regular and irregular routes, to the extent that it had performed such service under temporary operating authorities issued by the Commission pursuant to Section 210a of the above Act, 49 U.S.C.A. § 310a. A detailed statement of the authority sought by plaintiff in said application is not necessary. Suffice it to say that after said application was duly docketed the Commission ordered a hearing thereon before one of its own Examiners. Hearings were so held on seven days, over a period of several months, ending on May 20, 1948. During the hearing held on the last-mentioned date plaintiff first learned that the officer presiding at said hearings was not an Examiner appointed and qualified under Section 11 of the Administrative Procedure Act, 5 U.S. C.A. § 1010. Thereupon, plaintiff made prompt objection to said hearings as being contrary to and in violation of the provisions of Sections 5, 7 and 8 of the Administrative Procedure Act, 5 U.S.C.A. §§ 1004, 1006, 1007 and all further proceedings, leading up to the order of the Commission here complained of, were held over plaintiff's continued objection. The officer presiding at said hearings was at all times material hereto an employee of the Section of Complaints, Bureau of Motor Carriers, of the I. C. C. Said Bureau appeared in the above proceedings, opposing the granting of plaintiff's application, questioning only plaintiff's fitness and ability to perform the proposed service.

On June 28, 1948, plaintiff filed a petition before the I. C. C., requesting a hearing on its application in accordance with Sections 5, 7 and 8 of the A. P. A., supra. By order, dated July 28, 1948, the Commission denied said petition for the reason that the "proceeding was not required by statute to be determined on the record after opportunity for agency hearing" and the Commission concluded that it was "not a case of adjudication which is required by Sec-

tion 5 of the Administrative Procedure Act to be heard and decided in conformity with Sections 7 and 8 of that Act, and (that) the provisions of Sections 5, 7 and 8 of that Act do not apply to said proceedings." Thereafter, on March 3, 1949, the officer presiding at said hearings recommended denial of plaintiff's aforesaid application on several grounds. August 10, 1949, Division 5 of the Commission entered an order denying plaintiff's application on the sole ground "that applicant has failed to establish that the present or future public convenience and necessity require the proposed operations." Plaintiff filed a petition for rehearing and reconsideration, and a further petition for a hearing in accordance with the aforementioned provisions of the A. P. A. At a General Session of the I. C. C., both said petitions were denied by order entered on April 19, 1950. In said order the denial of a certificate of authority to plaintiff was premised on the same grounds as contained in the Division 5 order, supra.

## Reasoning

■ By its complaint herein, plaintiff seeks the injunctive processes of this Court restraining enforcement of the last-mentioned order of the I. C. C., on the ground that determinations by the Commission of applications for certificates of public convenience and necessity to operate as a common carrier by motor vehicle under Part II of the I. C. C. Act are adjudications required by statute to be made upon the record after opportunity for hearing before the I. C. C. under Sections 5, 7 and 8 of the A. P. A., and that having been denied such a hearing on its application plaintiff asserts the order so made by the I. C. C. is void and without authority of law. The contention is also made that said order is arbitrary, capricious, unsupported by, and contrary to, the evidence. At the submission of the instant action to the Court on its merits, plaintiff premised its right to relief solely on the first of the above-stated propositions. Neither by oral argument nor in its briefs does plaintiff undertake, in anywise, to sustain its contention that the order of the I. C. C. here complained of is arbitrary, capricious and unsupported by

substantial evidence. So premising its attack, we conclude plaintiff has abandoned the last-mentioned issue. If not, then such issue should be, and is, found against plaintiff's contention for failure of plaintiff to point out and sustain the burden cast upon it to establish illegality of the order in the above respect; the presumption being in favor of the legality of the Commission's order as being premised on substantial evidence. Baltimore & O. R. Co. v. U. S., 298 U.S. 349, 56 S.Ct. 797, 80 L.Ed. 1209; Carolina Scenic Coach Lines v. U. S., D.C., 59 F.Supp. 336; Gardner v. U. S., D.C., 67 F.Supp. 230; Watson Bros. Transp. Co. v. U. S., D.C., 59 F.Supp. 762; Lang Transp. Co. v. U. S., D.C., 75 F.Supp. 915. Consequently, we shall confine our consideration to the single issue on which this action has been submitted and briefed by the parties.

Sections 5, 7 and 8 of the A. P. A. formally require that: "In every case of adjudication required by statute to be determined on the record after opportunity for an agency hearing," the officers presiding at such a hearing, if not the agency, or one or more members of the body which comprises the agency, shall be an Examiner appointed in accordance with the provisions of Section 11. of said Act. In light of the mandate thereof, the objection here made to the order under review is to be determined by a consideration of whether Section 207(a), Part II of the Interstate Commerce Act, 49 U.S.C.A. § 307(a), specifically, or by implication of due process of law, requires adjudication of all applications for certificates of public convenience and necessity made by motor carriers "to be determined on the record after opportunity for an agency hearing."

■ Section 207(a), supra, authorizes the I. C. C. to issue a certificate of public convenience and necessity "to any qualified" motor carrier "if it is found that the applicant is fit, willing, and able to properly perform the service proposed * * * and that the proposed service, to the extent to be authorized by the certificate, is or will be required by the present or future public convenience and necessity; otherwise such application shall be denied". From a perusal of the last-mentioned stat-

ute it is readily manifest that no provision is therein contained requiring a hearing to be held by the I. C. C. on an application for a certificate of authority filed by a motor carrier. Therefore, the matter here depends upon whether due process of law, in the statutory scheme provided by Congress for the issuance of certificates of authority to motor carriers under Part II of the I. C. C. Act compels that an agency hearing be held thereon and that all adjudications thereof are "required by statute to be determined on the record", so as to bring such matters within the ambit of the above sections of the A. P. A. Plaintiff, chiefly relying upon Wong Yong Sung v. McGrath, 339 U.S. 33, 70 S.Ct. 445, 94 L.Ed. 616, contends that an affirmative answer must be made to that proposition. We do not agree.

In the Sung case, supra, the Supreme Court held that in the very nature of deportation proceedings when administrative officers acting as adversaries to a deportee are executing the provisions of the Immigration Act, 8 U.S.C.A. § 100, etc. involving the liberty of persons, if not the very life of a deportee, the fundamental principles that inhere in "due process of law" as understood at the time of the adoption of the Constitution, compel that a hearing be held concerning the right to deportation, and in light of Section 7 of the A. P. A. the hearing compulsory in such proceedings must be one held before an Examiner appointed pursuant to Section 11 of the A. P. A. The compulsory hearing found essential to satisfy the essence of "due process of law" involved in deportation proceedings is not to be found or read into all proceedings instituted by a motor carrier before the I. C. C. by the voluntary filing of an application for a certificate of authority under Section 207(a) of Part II of the I. C. C. Act, supra.

Under the statutory scheme devised by the Congress for the issuance of certificates of authority to motor carriers, we believe that under Section 207(a), supra, a "discretion" is lodged in the I. C. C., as it is with the Communications Commission under 47 U.S.C.A. § 312(b), as to whether or not a certificate of authority is to be issued in the public interest. In Federal Communications Commission v. Pottsville Broadcasting Co., 309 U.S. 134, 137, 60 S. Ct. 437, 439, 84 L.Ed. 656, Mr. Justice Frankfurter, speaking for the Court, said: " * * * In granting or withholding permits for the construction of stations, and in granting, denying modifying or revoking licenses for the operation of stations, 'public convenience, interest, or necessity' was the touchstone for the exercise of the Commission's authority. While this criterion is as concrete as the complicated factors for judgment in such a field of delegated authority permit, it serves as a supple instrument for the exercise of discretion by the expert body which Congress has charged to carry out its legislative policy. Necessarily, therefore, the subordinate questions of procedure in ascertaining the public interest, when the Commission's licensing authority is invoked—the scope of the inquiry, whether applications should be heard contemporaneously or successively, whether parties should be allowed to intervene in one another's proceedings, and similar questions—were explicitly and by implication left to the Commission's own devising, so long, of course, as it observes the basic requirements designed for the protection of private as well as public interest." Such being the case, are all orders and decisions made by the I. C. C. in the issuance, or denial, of a certificate of authority after hearing on a voluntary application made therefor, "adjudication required by statute to be determined on the record after opportunity for an agency hearing," as contemplated in Section 5 of the A. P. A.? We think not.

The scope of inquiry that the I. C. C. may make as to the right of a motor carrier to have issued to it a certificate of authority is not circumscribed or delineated in any of the provisions of Part II of the I. C. C. Act. However, there is implicit in the provisions thereof that a full and fair opportunity to present matter before the Commission as to the right to a certificate is a fundamental requirement in such proceedings; and where such is denied, or is inadequate or unfair, the Commission's order is to be held void. We recognize

456

the constitutional requirements for formal hearings by the Commission as ruled in the cases relied on by plaintiff, of which Interstate Commerce Comm. v. Louisville & N. R. R. Co., 227 U.S. 88, 33 S.Ct. 185, 57 L. Ed. 431, and American Trucking Ass'ns v. United States, 326 U.S. 77, 65 S.Ct. 1499, 89 L.Ed. 2065, are examples. Regardless of the rulings so made therein, we do not consider them authorities, ruling that hearings are to be held, either by the Commission itself, or an Examiner appointed by the Commission, on all applications for certificates of authority, and that such are compulsory in the constitutional sense, so as to bring such a proceeding within the provisions of Sections 5, 7 and 8 of the A. P. A. In proceedings before the Commission for a certificate of authority an applicant must be afforded an opportunity to establish its qualification to provide service as a motor carrier, and the public necessity for such service. That is an implicit requirement of Section 207(a), as well as other provisions of the I. C. C. Act. But to so hold is not to say that the determination in such a proceeding is a "case of adjudication required by statute to be determined on the record after opportunity for an agency hearing". 5 U.S.C.A. § 1004. Cf. Bersoff v. Donaldson, 84 U.S.App.D.C. 226, 174 F.2d 494. The record made at such a proceeding is a transcript, composed voluntarily by the applicant and submitted to the Commission for its expertise consideration which in its sound discretion we believe it may, or may not, grant, in the public interest as a matter of law. In consideration thereof the Commission is not usually required to weigh contested issues of fact such as are inherent in cases of adjudication contemplated by Section 5 of the A. P. A. The I. C. C. is only required to determine, within the expert judgment with which it is invested, whether the applicant has met the statutory policy requirements that authorize the issuance of such a certificate under the mandate of Section 207(a), supra. Such decision is essentially one of law, resting in part on statutory policy interests established by the Congress, having only prospective effects. The required determina-

tion by the Commission of the issue of public convenience and necessity, on the face of the statute, and under the legislative scheme established by the Congress, is not one made on existing facts, the result of present controverted rights and duties usually found in proceedings of an adjudicative character, as commonly understood, but is one made dependent upon policy interests as well as upon the showing made by a motor carrier, requiring the formation and determination of future rights and duties compatible with such policy. The material and ground for such a determination rests in part upon the transcript an applicant makes in such a proceeding, that is true, but a decision thereon having the above effect is the determination of a law proposition, and not one wholly resting in fact. Cf. Federal Communications Comm. v. WJR, The Goodwill Station, 337 U.S. 265, 69 S.Ct. 1097, 93 L.Ed. 1353, and Bowles v. Willingham, 321 U.S. 503, 64 S. Ct. 641, 88 L.Ed. 892.

In the proceeding before the Commission, review of which is here sought, the decision of the Commission denying a certificate of authority to plaintiff under Section 207(a), supra, was wholly premised on the failure of plaintiff-applicant to meet the requirement of showing public convenience and necessity, as required by Section 207(a), supra. The only testimony presented on that subject was adduced by the plaintiff. A detailed statement thereof is not necessary. It is sufficient to state that at the time plaintiff filed its instant application for permanent authority it had been operating under temporary authority granted to it under Section 210(a), supra. The application for permanent authority covers practically identical service as authorized by the temporary grant. Both have reference to transportation of general commodities and dangerous explosives. Plaintiff's own testimony established that as to explosives it had not, even under its temporary authority, transported any explosives from one authorized point on its temporary route since November, 1947, and that such service rendered by it, to and from certain other points, was only sporadic. Testimony of

similar import was given by plaintiff's officers, concerning general commodities. The Commission determined from plaintiff's evidence alone that "applicant has failed to establish that the present or future public convenience and necessity required the proposed operations, and that the application should be denied" on that ground alone. "The effect of admitted facts is a question of law." Nelson v. Montgomery Ward & Co., 312 U.S. 373, 376, 61 S.Ct. 593, 595, 85 L.Ed. 897. The decision so made by the Commission was "the equivalent of holding as a matter of law, in judicial parlance essentially as though raised upon demurrer". Federal Communications Comm. v. WJR, 337 U.S. 270–271, 69 S.Ct. 1101 that issuance of a certificate of authority on plaintiff's application therefor would be inappropriate and not in the public interest. As above pointed out, such decision and order of the I. C. C. rested in part upon legislative policy considerations. A proceeding subject to such a determination and conclusion is not, in our opinion, an adjudication made upon the record within the ambit of Sections 5, 7 and 8 of the A. P. A. Cf. Schenley Distillers Corp. v. U. S., D.C., 50 F.Supp. 491.

Plaintiff here admits "that the hearing it received or was accorded by the Commission was 'fair' in the sense that it was before an examiner who appeared to be competent and was willing to admit testimony" by all parties to the proceedings before the Commission. Most of the testimony received by said Examiner was not material to the issue of convenience and necessity determined by the Commission as above stated. Having received a "fair" hearing before the Commission, the fact that it was not conducted by an Examiner appointed under Section 11 of the A. P. A. did not convert it into an unconstitutional one, or deny to plaintiff "due process of law" in the inquiry and consideration of its said application. The fact that the Commission in its discretion granted a hearing before an Examiner in the employ of the Bureau of Motors Section, instead of holding the hearing itself, does not alter the situation.

Conclusion of Law

We conclude that in "proceedings" on applications for certificates of authority, authorized by Section 207(a), Part II of the I. C. C. Act, determinable as a matter of law, as in the instant proceeding, formal hearings are not required as in a "case of adjudication required by statute to be determined on the record" contemplated in Sections 5, 7 and 8 of the A. P. A. So concluding, the temporary injunction heretofore issued herein appears to have been improvidently granted; it is now set aside, and vacated, and plaintiff's petition is ordered dismissed.

All concur.