(139 So. 295)

**VEST v. NIGHT COMMANDER LIGHT-
ING CO.**

**8 Div. 941.**

Court of Appeals of Alabama.

Oct. 27, 1931.

Rehearing Denied Nov. 17, 1931.

Lynne & Lynne, of Decatur, for appellant.

Melvin Hutson, of Decatur, for appellee.

SAMFORD, J.

The defendant, who resides in Alabama, entered into a written contract with plaintiff, who is a foreign corporation, whereby plaintiff was to deliver to defendant f. o. b. Jackson, Mich., a certain lot of lighting apparatus set out and described, and for which defendant agreed to pay $358 cash or to give his negotiable note due in six months, without interest. As a part of said contract it was stipulated: "It is also fully agreed that no agreement is binding between the Night Commander Lighting Company and the purchaser herein, except as provided in this contract, and that this contract covers all agreements expressed or implied between the Night Commander Lighting Company of Jackson, Michigan, and the purchaser subject to the approval of said Night Commander Lighting Company at its executive office at Jackson, Michigan; and that this contract is not subject to countermand except purchaser pays, as the liquidated damages thereon, one-half the purchase price specified herein." At the time of the signing of the above contract, defendant signed another contract with D. E. Treadwell, who acted as the agent of plaintiff in procuring the above contract, which later contract with Treadwell provided for: "Construction, erecting, installing and equipping said lighting plant at Falkville." This contract was introduced in evidence but is omitted from the transcript. The lighting apparatus contracted to be delivered, was delivered by plaintiff to the Cincinnati Northern Railroad Company, a common carrier, at Jackson, Mich., consigned to defendant at Falkville, Ala. Upon arrival at Falkville the apparatus was erected as designed, by one Mitchell who had been sent to do the work by Treadwell. Defendant paid Mitchell $26 for installing the plant and, in accordance with the terms of the contract entered into with plaintiff, executed and delivered to Mitchell for plaintiff the note which is the foundation of this suit.

In the absence of the contract entered into between defendant and Treadwell for the installation of the lighting plant, this court must presume that such evidence as

was therein contained was sufficient to justify the trial court in its refusal to give the general affirmative charge at the request of defendant. Sherman v. Good, 21 Ala. App. 546, 109 So. 893.

■ The facts as above stated and shown by the record, show without dispute that the sale of the apparatus by plaintiff to defendant was an interstate transaction and governed by the laws governing interstate commerce. In the making of the sale to defendant, as shown by the contract, plaintiff was not required to qualify to do business under section 7209 et seq., Code 1923.

■■ We have no means of knowing the terms and contents of the contract made by defendant and Treadwell for the installation of the lighting plant sold by plaintiff to defendant, and we, therefore, presume that there was nothing in that contract which attempted to vary the terms of the contract of sale, which expressly provided that: "This contract covers all agreements expressed or implied." Moreover, as has been recently said by Brown, J., in Holczstein v. Bessemer T. & S. Co. (Ala. Sup.) 136 So. 409, 414:[1] "It is familiar law that in the absence of fraud in procuring the signature to a written contract by misrepresenting or concealing its contents, it cannot be impeached by proving a different contemporaneous agreement, or because the party signing was ignorant of its legal effect."

In accord with the views herein above expressed, it is unnecessary for us to decide what effect the contract made by defendant with Treadwell had upon the plaintiff's right to do business in this state, there being no evidence connecting plaintiff with that contract and it affirmatively appearing that plaintiff had fulfilled its part of the contract of sale when it delivered the lighting plant to the railroad company at Jackson, Mich., consigned to defendant. In this connection, however, we cite the case of Puffer Mfg. Co. v. Kelly, 198 Ala. 131, 73 So. 403, as stating the rule governing sales in this state by

foreign corporations. In line with that case the excerpts from the charge of the court, "The mere fact that it requires labor to set it up would not make it a local contract," and, "If the chief business is to sell and accept orders and ship same knocked down then the assembling alone would be a mere incident," were free from error.

■ Appellant insists that the court committed error in sustaining plaintiff's objection to the question: "Now when this plant, outfit, was delivered there, the pipe they sent you, did the plaintiff cut that and fit it in the ground to your house and in your house?" The court permitted evidence that in the installation of the plant, pipe was cut, ditches dug, and holes bored in the house. As to whether it was done by plaintiff was a question of fact and the question called for a conclusion on this point.

■■ Plea 10 was faulty and subject to demurrer for that the plea shows that the consideration of the note was for a light generator and appliances and the only allegations as to a failure of value is as to the generator which may or may not have constituted a small part of the appliances sold. Moreover, we think the allegations in the plea, "Was not a good generator and was not adequate for the purposes for which it was sold by plaintiff to defendant," were too general.

■ Plea 9 is faulty in that it does not sufficiently allege a warranty and its breach. For one thing it is not sufficiently alleged for what purpose it was sold to defendant.

The charge and rulings of the court on questions arising under the fifth plea were free from error. If, under the plea, defendant aided in the making of a sale of plaintiff's lighting plants to others, he was entitled to $15 on each such sale. If no sale was made defendant was not entitled to anything. The court so ruled, and in such rulings there was no error.

We find no error in the record, and the judgment is affirmed.

Affirmed.

[1] 223 Ala. 271.