SMITH *et al. v.* J. P. SEEBURG CORPORATION.

(In Banc.  March 9, 1942.)

[6 So. (2d) 591.  No. 34801.]

Will S. Wells, of Jackson, for appellants.

Heidelberg & Gordon, of Jackson, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellee, an Illinois corporation, sued to foreclose a chattel mortgage for the purchase price of certain phonograph instruments which it had sold to appellants through a nonresident distributing agent, the Electro Ball Company of Texas, and appellants interposed as their sole defense that appellee, a foreign corporation, was doing business in this state at the time of the contract and in respect thereto, without having appointed a resident agent, or filed a copy of its charter as required by Sections 4140 and 4164, Code 1930; and that, in consequence, appellee was and is barred from access to our courts for the enforcement of the contract.

Under the facts as shown in evidence, viewed in the light of the numerous decisions of this court, it is clear that appellee was not doing business in this state, but that its transactions pertinent to this case were interstate in character; and for the reason that this subject has so often been before the court and amply discussed, we would affirm without any written opinion, except for the feature next to be mentioned.

It is contended by appellants that after the receipt of the instruments in this state, appellee from time to time serviced them so as to keep them in proper repair and operation, and appellants invoked the principle announced by this court in Case v. Mills Novelty Co., 187 Miss. 673, 193 So. 625, 126 A. L. R. 1102. The proof is sufficient in support of the decree (1) that there was no

such contract or undertaking on the part of appellee. On the contrary, so far as appellee was concerned, the mortgage by its express terms required appellants to keep the property in good condition and repair at mortgagors' own expense. (2) That appellees did not in fact service or repair the machines or their appurtenant equipment.

There is proof that the distributor, through whose efforts the instruments were sold by appellee to appellants and who was compensated by a sales commission, did have some sort of understanding with appellants that the instruments would be kept in repair by the distributor, and the distributor did from time to time render this service. This, however, was a separate and distinct undertaking and transaction solely between appellants and the distributor over which appellee neither had nor exercised any control, and about which, as already mentioned, appellee assumed no obligation whatever. It was done by the distributor at its own expense and by its own employees, and there is no suggestion that reimbursement therefor was to be made or was made by appellee. The sale of the property, for the purchase price of which this suit was brought, was an interstate transaction; and it was not made otherwise, so far as appellee was concerned, by the fact that the distributor by its own separate and independent action undertook to service the instruments, and performed its agreements. See Vest v. Night Commander Lighting Co., 24 Ala. App. 549, 139 So. 295, certiorari denied 224 Ala. 213, 139 So. 297.

Affirmed.